UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE RAE M.,<br><br>                                Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security,[1]<br><br>                                Defendant. | Case No.:  20-cv-1608-LL-BJC<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONER JOSEPHINE GERRARD'S MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 27]** |

Before the Court is Petitioner Josephine Gerrard's ("Petitioner's") Motion for Authorization of Attorney's Fees Pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1).  ECF No. 27.  Petitioner, attorney for Plaintiff Julie Rae M. ("Plaintiff"), seeks attorney's fees in the amount of $8,831.  ECF No. 27.  For the reasons set forth below, the Court **RECOMMENDS** that the District Judge **GRANT** the motion.

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20,2023.  Although Plaintiff originally brought this action against Former Acting Commissioner Anrew Saul, this case may properly proceed against Martin O'Malley pursuant to 42 U.S.C. § 405(g).

# I.   **BACKGROUND**

Plaintiff filed this action on August 18, 2020, seeking review of the Acting Commissioner of Social Security's ("Commissioner's") denial of Plaintiff's Title II application for Period of Disability and Disability Insurance Benefits, and Plaintiff's Title XVI application for Supplemental Security Income.  ECF Nos. 1, 12 at 16-32. [2]  Plaintiff filed a motion for summary judgment on May 24, 2021.  ECF No. 16.  On June 28, 2021, the Commissioner filed a cross motion for summary judgment and opposed Plaintiff's motion.  ECF No. 17.  Plaintiff filed her reply and opposition to the Commissioner's motion on July 12, 2021.  ECF No. 18.  On October 26, 2021, the Court issued a report and recommendation granting Plaintiff's motion for summary judgment, denying the Commissioner's cross-motion, and remanding the case for further administrative proceedings.  ECF No. 19.  The Court adopted the report and recommendation and remanded the case for further administrative proceedings.  ECF No. 23.  That same day, the Clerk of Court entered judgment in favor of Plaintiff.  ECF No. 24.

On remand, the Commissioner found Plaintiff disabled and awarded her $69,324 in past due benefits.  ECF No. 27 at 7–11.  The administrative proceedings became final on July 21, 2024, when the Social Security Administration issued its Notice of Award.  *See Id.*  On March 21, 2022, pursuant to the parties' Joint Motion, the Court awarded Petitioner $8,500 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF Nos. 25, 26.

In the instant motion, Petitioner seeks an attorney's fees award in the amount of $17,331 for representing Plaintiff in this action, offset by the $8,500 in EAJA fees previously awarded by the Court, for a net award of $8,831.  ECF No. 27.  The Commissioner filed a response on August 9, 2024, stating it "neither supports nor opposes counsel's request for attorney fees."  ECF No. 28 at 2.  On August 20, 2024, the Court set

---

[2] When referencing page numbers of documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

a briefing schedule allowing Plaintiff time to oppose Petitioner's Motion.  ECF No. 30.
Plaintiff was instructed to file any response in opposition to her counsel's motion for
attorney's fees by September 17, 2024.  *Id.* at 1.  If Plaintiff did not oppose the motion, she
was to file a notice of non-opposition by the same deadline.  *Id.*  In the Scheduling Order,
the Court instructed Petitioner to serve her Motion for Attorney's Fees (ECF No. 27) and
the Court's Scheduling Order (ECF No. 30) on Plaintiff.  ECF No. 30.  Petitioner filed a
Notice of Service confirming she served Plaintiff with the required documents.
ECF No. 31.  Plaintiff did not file an opposition nor a notice of non-opposition by the
September 17 deadline.

## II.   LEGAL STANDARD

"In 1965, Congress added an attorneys' fee provision to the [Social Security Act
("SSA")], 42 U.S.C. § 406(b)."  *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215,
1217 (9th Cir. 2012).  "For judicial proceedings, § 406(b)(1) provides that a federal court
that 'renders a judgment favorable to a claimant . . . who was represented before the court
by an attorney' may grant the attorney 'a reasonable fee for such representation, not in
excess of 25 percent of the total of the past-due benefits to which the claimant is entitled
by reason of such judgment.'"  *Id.* (quoting 42 U.S.C. § 406(b)).  "Any such award is paid
directly out of the claimant's benefits."  *Id.* (citing 42 U.S.C. § 406(b)(1)(A)).  "Further,
§ 406(b) precludes an attorney from recovering (or even requesting) any additional fees."
*Id.*  "Under § 406(b)(2), '[a]ny attorney who charges, demands, receives, or collects for
services rendered in connection with proceedings before a court to which [§ 406(b)(1)] is
applicable any amount in excess of that allowed by the court thereunder shall be guilty of
a misdemeanor.'"  *Id.* (quoting 42 U.S.C. § 406(b)(2)).

Although Section 406(b)(1) allows the court to grant "a reasonable fee," "[t]he
statute does not specify how courts should determine whether a requested fee is
reasonable."  *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citing
*Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002)).  "[A] district court charged with
determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of

lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

"[A]nother avenue for recovering attorneys' fees in Social Security cases opened in 1980, when Congress passed the EAJA, 28 U.S.C. § 2412[.]" *Parrish*, 698 F.3d at 1218. "[T]he EAJA requires the government to pay the fees and expenses of a 'prevailing party' unless the government's position was 'substantially justified.'" *Id.* (quoting 28 U.S.C. § 2412(d)(1)(A)). "If a claimant qualifies as a 'prevailing party' at any intermediate stage in a Social Security case, a court may deem the claimant to be a prevailing party for purposes of § 2412(d)." *Id.* (citing *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998)). But "[b]ecause attorneys who accepted an award under § 2412(d) in excess of the § 406(b)(1) cap could be subject to criminal sanctions under § 406(b)(2), Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and § 2412." *Id.* "[T]o maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Id.* (citing *Gisbrecht*, 535 U.S. at 796). "An EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 796.

4

### III.   DISCUSSION

On August 10, 2020, Plaintiff and Petitioner Gerrard entered into a Federal Court Fee Contract for SSI/Social Security Disability ("Agreement").  ECF No. 27 at 13–14. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency fee of up to 25% of past-due benefits awarded by the Commissioner.  *Id.*[3]  Petitioner seeks a total award of $17,331 in attorney fees and bases this fee on 25% of the net payable past due benefits. ECF No. 27 at 1–2; *see id.* at 7–11 (awarding Plaintiff $69,324 in total past due benefits). Petitioner deducts her previous EAJA award ($8,500) from that amount and thus seeks an award of $8,831 in the instant motion.  *Id.* at 1–4.

Petitioner argues the amount sought in the instant motion is reasonable because during the federal court litigation, "where several separate issues were presented to the Court for review, the court reversed the Commissioner's decision and remanded for further administrative proceedings."  *Id.* at 4.  Additionally, "Plaintiff eventually prevailed upon remand due to Petitioner's efforts, who ultimately persuaded an ALJ to award benefits." *Id.*  Finally, Petitioner states that the request is reasonable because $17,331 represents 25% of Plaintiff back award, and $8,831 represents the remainder after the previous EAJA award is deducted.  *Id.* at 18–19.  Furthermore, Petitioner states she provided Plaintiff with a $12,864 discount—further demonstrating the fees' reasonableness.[4]  *Id.* at 4.

Upon careful review of the documents submitted, and the applicable law, the Court finds Petitioner's request reasonable.  First, where "a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee."  *Hensley v. Eckerhart*,

---

[3] As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and her counsel is within the statutory ceiling.  *Compare* 42 U.S.C. § 406(b)(1)(A) *with* ECF No. 27.

[4] The Court recognizes that Petitioner provided services to Plaintiff on a contingency basis. Petitioner's provided hourly rate of $450 per hour and invoice totaling $30,195 is merely representative of the legal fees that would have been incurred had this matter not been taken on a contingency basis.  *See* ECF No. 27 at 18–19.

461 U.S. 424, 435 (1983).  Here, Petitioner successfully moved for summary judgment resulting in an order remanding this action.  ECF Nos. 19, 23.  On remand, the Commissioner found Plaintiff disabled and awarded her $69,324 in past due benefits.  ECF No. 27 at 7–11.  These were certainly "excellent results."

Next, Petitioner expended a total 67.4 hours on this case resulting in a *de facto* hourly rate of $257.14.  *See Id.* at 18–20.  This rate is modest even before taking into account the contingent nature of the litigation, and falls on the low end of the range that has been approved by courts in similar cases, including in this district.[5]  *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Kikkert v. Berryhill*, No. 14-cv-1725-MMA-JMA, 2018 WL 3617268, at *2 (S.D. Cal. July 30, 2018) (approving *de facto* hourly rate of $943.55); *Martinez v. Berryhill*, No. 13-cv-272-JLS-JLB, 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (approving *de facto* hourly rate of $886.52); *Likens v. Colvin*, No. 11-cv-0407-LAB-BGS, 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (approving *de facto* hourly rate of $666.68); *Sproul v. Astrue*, No. 11-cv-1000-IEG-DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (approving *de facto* hourly rate of $800).

The Court finds the number of hours expended within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals.  *See Boulanger v. Astrue*, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Watkins v. Astrue*, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); *Gurzenda v. Saul*, No. 18-CV-0488-JCS, 2020 WL 5407998, at *4 (N.D. Cal. Sept. 9, 2020) (finding

---

[5] The *de facto* hourly rate is calculated by dividing the $17,331 fee requested by 67.4 hours.

67.1 hours to be a reasonable amount of time).  Petitioner submitted a billing statement detailing the work performed to litigate this case.  ECF No. 27 at 18–20.  There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees.  Moreover, the Government does not challenge the number of hours accrued during the underlying litigation as unreasonable.  *See* ECF No. 28.

Finally, the Court finds that Petitioner assumed a substantial risk of not recovering attorney fees. At the time that Plaintiff and Petitioner signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the administrative law judge and had just filed this action for judicial review.  S*ee Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement, [and] and the fee does not exceed . . . the 25 percent statutory cap[.]").

As a result of Petitioner's work, Plaintiff received a favorable decision and a significant award of past-due benefits.  Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award.  The Court concludes that Petitioner's request for attorney's fees is reasonable and that it does not constitute a "windfall."  *See Gisbrecht*, 535 U.S. at 808.

## IV.   CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Linda Lopez under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(a) of the United States District Court for the Southern District of California.  For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order **GRANTING** Petitioner's Motion for Attorney's Fees in the amount of $8,831 under 42 U.S.C. § 406(b). ECF No. 27.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **November 5, 2024**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **November 12, 2024**.

**IT IS SO ORDERED**.

Dated:  October 15, 2024

Hon. Benjamin J. Cheeks
United States Magistrate Judge